**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK LEWIS KINNEY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMY MILLER, Warden,<br><br>　　　　　　　　　　Defendant. | Case No.: 14cv1136-JAH (KSC)<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING CERTIFICATE OF APPEALABILITY** |

**INTRODUCTION**

Petitioner Mark Lewis Kinney ("Petitioner"), a state prisoner proceeding *pro se*, filed a writ of habeas corpus ("Petition") under 28 U.S.C. § 2254. Doc. No. 1. Respondent Amy Miller ("Respondent") filed an answer and supporting memorandum of points and authorities to which Petitioner filed a traverse. Doc. Nos. 6, 26. The case was referred to United States Magistrate Judge Karen Crawford for a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b)(1). Judge Crawford's Report recommended denying the petition in its entirety, and Petitioner filed objections to the Report. After careful consideration of the entire record, and for the reasons set forth below, the Court **OVERRULES** Petitioner's objections; **ADOPTS** Judge Crawford's Report; **DENIES** the instant petition in its entirety; and **DENIES** issuing a Certificate of Appealability.

# BACKGROUND[1]

On February 20, 2011, Petitioner was convicted of five counts of committing lewd acts upon a child, pursuant to Cal. Penal Code § 288(a) (counts 2, 5, 6, 7, and 8); two counts of using a minor to perform prohibited acts, pursuant to Cal. Penal § 311.4(c) (counts 3 and 9); and one count of possessing matter depicting a person under 18 in sexual conduct, pursuant to Cal. Penal Code § 3.11.11 (count 10). *See* Doc. No. 6-14, at 11. The jury found Petitioner not guilty for counts 1 and 4. *Id.* at 219, 222. Petitioner was sentenced on March 18, 2011, to an indeterminate term of 15 years to life for count 2. Doc. No. 6-13 at 3-22. As to counts 5, 6, 7, and 8, petitioner was sentenced to determinate term of six years for each count, to run concurrent with the indeterminate term of 15 years to life. *Id.* Finally, for counts 3, 9, and 10, petitioner was sentenced to a determinate term of two years for each count, also running concurrently with the 15 years to life sentence. *Id.* at 16-20.

Petitioner filed a writ of habeas corpus in the California Court of Appeal on January 5, 2011. *See* Doc. No. 6-14. On November 13, 2012, the court denied the petition. Doc. No. 6-17. Petitioner also filed a petition for writ of habeas corpus with the Supreme Court of California where the court denied Petitioner's request with no comment. Doc. No. 6-19 at 2.

Petitioned filed the instant petition on May 5, 2014, and raised the following grounds for relief: (1) the trial court failed to provide a *sua sponte* instruction to the jury on battery as a lesser included offense of lewd acts on a child; and (2) Petition was wrongfully sentenced under the California "one strike" law in violation of the *ex post facto* clause of the United States Constitution. Doc. No. 1 at 6-7. Respondent filed a response and Petitioner subsequently filed a Traverse, withdrawing ground one for relief, thereby, leaving the wrongful sentencing as the sole basis for relief. Doc. Nos. 6, 26. Judge Crawford filed a Report, wherein which Petitioner filed objections. Doc. Nos. 27, 40. Respondent did not file a reply.

---

[1] The underlying facts set forth in the report are adopted *in toto* and referenced as if fully set forth herein. The Court provides only a brief procedural background.

## LEGAL STANDARD

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a *de novo* determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. As to the portions of the report to which no objection is made, the court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "de novo review of a [report] is only required when an objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## DISCUSSION

Petitioner alleges general objections to the Report by stating the magistrate judge improperly reviewed the judgment entered by the trial court. Specifically, Petitioner alleges there was an *ex post facto* violation when the trial judge sentenced him under California's "one strike rule." Additionally, Petitioner requests the issuance of a Certificate of Appealability.

**Ex Post Facto**

Petitioner alleges the trial court improperly sentenced him under California Penal Code § 667.61 ("one strike rule") to an indeterminate term of 15 years to life for count 2. *See* Doc. No. 1 at 7. Petitioner specifically alleges he should have been sentenced under the pre-September 2006 statue because the criminal acts occurred prior to the enactment of the September 2006 amendment.[2] The California Court of Appeal noted that the jury had

---

[2] In September 2006, an amendment to California Penal code § 667.61(B) required a sentence of 15 years to life for violations of California Penal Code § 228(a). Doc. No. 12. Prior to September 2006, violators of § 288(a) could receive probation in lieu of the mandatory 15 year to life sentence.

3

been instructed, in both the complaint and the separate jury instruction, that the provided date range for the alleged criminal conduct was between November 12, 2006, and November 12, 2008. Doc. No. 6-17 at 12. Judge Crawford notes in the Report that the plain language of the complaint and jury instructions properly places Petitioner's criminal conduct within the amended version of California Penal Code § 667.61. Doc. No. 27 at 8.

Petitioner filed objections to the magistrates Report, arguing that the magistrate failed to properly review the two sets of evidence, containing sworn testimony, placing the time of the incident during the pre-September 2006 Statue. Doc. No. 40 at 6. Petitioner is advocating for heavier weight to be placed on a witness' ("Ms. C") preliminary hearing testimony, rather than the testimony at trial. However, Petitioner's habeas is based upon a due process or *ex post facto* violation rather than a sufficiency of evidence attack on his conviction.[3] Therefore, as noted in the Report, the Court finds no need to independently review the conviction through a *Jackson* analysis.

Furthermore, Ms. C's testimony corroborated the timeline placing the criminal conduct clearly after the amended one strike rule. Specifically, Ms. C recalls the incident occurred when she was spending the night alone at Petitioner's house. Doc. No. 27. Ms. C testified that she did not begin spending the night alone at Petitioner's house until she was ten years old. *Id.* The record indicates Ms. C's tenth birthday was in November 2006, directly placing Petitioner's criminal conduct after the amendment to the one strike rule. *Id.* Nevertheless, the jury was fully exposed to Ms. C's testimony at trial and the preliminary hearing testimony relied upon by Petitioner prior to reaching a verdict. *See* Doc. No. 27 at 9. As such, the Court agrees that the jury was properly instructed to decide whether Petitioner's conduct occurred at the time subject to the amended version of the one strike rule. Based upon the evidence introduced at trial and reviewing the evidence in

---

[3] Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the relevant inquiry is "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

4

light most favorable to the prosecution, a rational trier of fact could have found the government proved each element of the crime beyond a reasonable doubt.

This Court's careful *de novo* review of the record reflects the magistrate judge presented a cogent analysis of Petitioner's claims and, thus, finds the magistrate judge's findings and conclusion are not clearly erroneous. The specific factual information, on which the Report relied, is corroborated by the California Court of Appeal's opinion. The court must give deference to state court findings and presume them to be accurate. *See* 28 U.S.C. § 2254(e)(1). The presumption can only be rebutted through clear and convincing evidence. *Id.; Parke v. Raley,* 506 U.S. 20, 35 (1992). Petitioner has failed to overcome the evidentiary burden. Therefore, Petitioners' objections are **OVERRULED.** Accordingly, this Court **ADOPTS** the Report in full and **DENIES** the instant petition in its entirety.

**Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules governing 28 U.S.C. § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a section 2254 habeas petition prior to obtaining a certificate of appealability from a circuit justice or judge. 28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citations omitted).

Based on this Courts review of the magistrate judge's Report, and the entire record in this matter, the Court finds no reasonable jurists would find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief. Petitioner has not made

the requisite substantial showing of the denial of a constitutional right. Accordingly, Petitioner's application for a Certificate of Appealability is **DENIED**.

### CONCLUSION AND ORDERED

For the reasons set forth above, IT IS HEREBY ORDERED:

1. Petitioner's objections to the Magistrate Judge's report and recommendations are **OVERRULED;**
2. The Magistrate Judge's report and recommendation is **ADOPTED** in its entirety;
3. The instant petition is **DENIED WITH PREJUDICE;**
4. Petitioner is **DENIED** a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: May 6, 2020

_____
Hon. John A. Houston
United States District Judge